UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN PROTECTORS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LAVERNNE SHAFFER, IRENE WATERS, and DEBORAH HAYNES, as Guardian ad Litem to C.H. and D.H.,<br><br>Defendants. | CASE NO. C08-5316BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On May 19, 2008, Plaintiff Western Protectors Insurance Company filed a complaint against Defendants Ronald Lavernne Shaffer, Irene Waters, and Deborah Haynes, as Guardian ad Litem to C.H. and D.H. Dkt. 4. Plaintiff requests a declaratory judgment that it has neither a duty to indemnify nor a duty to defend Defendants Mr. Shaffer and Ms. Waters in an underlying state action. *Id*., ¶¶ 1.3 and 6.2.

On October 3, 2008, Plaintiff filed a Motion for Summary Judgment. Dkt. 11. On October 27, 2008, Defendants responded. Dkts. 16 (Ms. Haynes) and 17 (Mr. Shaffer and Ms. Waters). On October 31, 2008, Plaintiff replied. Dkt. 21.

On November 14, 2008, this action was transferred to the undersigned.

ORDER - 1

## II. FACTUAL BACKGROUND

**A.    The Insurance Policies**

For the period of May 19, 2000, to May 19, 2004, Defendants Mr. Shaffer and Ms. Waters were covered by homeowner's insurance policies that were issued by Plaintiff. Dkt. 13, Declaration of Nancy Harvey ("Harvey Decl."), Exhs. 1-4 ("Policies"). The Policies provided coverage as follows:

SECTION II – LIABILITY COVERAGE

COVERAGE L - PERSONAL LIABILITY

> **We** pay, up to **our limit**, for this coverage stated in the declarations, all sums, including pre-judgement interest and costs taxed against an **insured**, for which an **insured** is legally liable because of **bodily injury, personal injury** or **property damage** caused by an **occurrence** to which this coverage applies.
> If a suit is brought against the **insured**, **we** will defend the **insured** at **our** expense, using lawyers of **our** choice, provided the suit results from **bodily injury, personal injury**, or **property damage** caused by an **occurrence** to which this coverage applies.

*See, e.g., id.*, Exh. 1 at 15.

The Policies define pertinent terms as follows:

> 7.    **Insured** means:
>       a.    **you**;
>       b.    **your** relatives if residents of **your** household;
>       c.    persons under the age of 21 in **your** care or in the care of **your** resident relatives;
>                                   \*\*\*
> 11.   **Occurrence** means an accident, including continuous or repeated exposure to similar conditions, which results during the policy period in **bodily injury, personal injury or property damage**.
>                                   \*\*\*
> 13.   **Personal Injury** means injury arising out of one or more of the following offenses: false arrest, false imprisonment, wrongful detention, libel, slander, defamation of character, invasion of privacy, wrongful eviction or wrongful entry.

*See, e.g., id.*, Exh. 1 at 5-6 (emphasis in original).

The policies that covered the period from May 2000 to May 2003 included exclusions to coverage that, in pertinent part, read as follows:

ORDER - 2

> This policy does not apply to liability which results directly or indirectly from:
> 
> ***
> 
> 9. an intentional act by or at the direction of any person. This exclusion applies regardless of the person or persons by or at whom the intentional act was directed;
> 
> ***
> 
> 11. corporal punishment, sexual or physical abuse, sexual exploitation or molestation, or any similar act, harm, injury or damage to any person whether or not committed by or with the knowledge or consent of an **insured**.

*See, e.g., id.*, Exh. 1 at 16 (emphasis in original).

The policy that covered the period from May 2003 to May 2004 included exclusions to coverage that, in pertinent part, read as follows

> This policy does not apply to liability which results directly or indirectly from:
> 
> ***
> 
> 9. an intentional act which is:
>    a. expected by, directed by, or intended by an **insured**;
>    b. that is the result of a criminal act of an **insured**; or
>    c. that is the result of intentional and malicious acts by or at the direction of an **insured**.
> 
> This exclusion applies regardless of the person or persons by or at whom the intentional act was directed.
> 
> ***
> 
> 12. corporal punishment, sexual or physical abuse, sexual exploitation or molestation, or any similar act, harm, injury or damage to any person whether or not committed by or with the knowledge or consent of an **insured**; . . . .

*Id.*, Exh. 4 at 19.

The Policies also included a personal liability exclusion that reads as follows:

> Personal Liability does not apply to liability:
> 1. for **bodily injury** or **personal injury** to any **insured**.

*See, e.g., id.*, Exh. 1 at 16 (emphasis in original).

**B.  The State Court Actions**

On December 5, 2006, Pierce County Deputy Prosecuting Attorney Sunni Y. Ko filed a Declaration for Determination of Probable Cause and an Information on behalf of the State of Washington against Defendant Mr. Shaffer. Dkt. 12, Declaration of Joseph P. Lawrence, Jr. ("Lawrence Decl."), Exh. 1. The Information accused Mr. Shaffer of one count of Rape of a Child in the First Degree, two counts of Child Molestation in the

ORDER - 3

First Degree, and one count of Sexual Exploitation of a Minor. *Id.* On November 1, 2007, Mr. Shaffer entered a guilty plea to four counts of Communication with a Minor for Immoral Purposes. *Id.* On February 22, 2006, Pierce County Superior Court Judge Beverly G. Grant entered judgment and sentence against Mr. Shaffer. *Id.*

On March 27, 2008, Ms. Haynes, as Guardian ad-Litem for C.H. and D.H., filed a complaint for personal injuries against Mr. Shaffer and Ms. Waters in the Pierce County Superior Court for the State of Washington. *Id.*, Exh. 2 at 1-5 (Pierce County Superior Court Cause No: 08-2-06632-6). On April 11, 2008, Mr. Shaffer and Ms. Waters tendered defense of the claims to Plaintiff.

On September 5, 2008, Ms. Haynes filed an amended complaint alleging six causes of actions: (1) battery and assault, (2) intentional infliction of emotional distress, (3) childhood sexual abuse, (4) negligence, (5) fraudulent transfer of real property, and (6) invasion of privacy. *Id.* at 7-12 ("Underlying Complaint"). Ms. Haynes alleged facts in support of her claims as follows:

> 2.1   Defendant Ronald Lavernne Shaffer sexually abused C.H. and D.H. on multiple occasions between June, 2000 and June, 2003. Defendant Shaffer began his extensive sexual abuse by grooming the plaintiffs for his sexual abuse, including numerous incidents of invading their privacy and speaking to the children about his body parts and showing the children his body parts. The defendant further would offer to purchase the children gifts in exchange for talking about sexual matters. This behavior escalated into the defendant committing various acts of molestation and indecent liberties, including masturbating in the presence of the children. Most of these acts took place in the defendants' home, and while Irene Waters was present.
> 2.2   Defendant Irene Waters was Plaintiffs' grandmother/ babysitter at the time of these occurrences and knew or should have known of the behavior of Defendant since they were taking place regularly within several feet of her presence. In fact, at various times when confronted with inappropriate behavior, Defendant Waters would simply explain that Defendant Shaffer was just a "dirty old man." Irene Waters had a duty to protect the minor Plaintiffs from harm, which she failed to do. Defendant Irene Waters, by her actions and inactions, made it more difficult for Plaintiffs to make any complaints about the sexual abuse or to protect themselves from said abuse, and further, by her actions and inactions, contributed to the occurrence of the sexual abuse. Plaintiff C.H. began to act out as a result of the sexual abuse. When she started counseling, the defendants insisted that they take her to the counselor and in fact did so for a period of time. The obvious purpose was to prevent disclosure by Plaintiff C.H. At one point, defendant Shaffer stated that if C.H. brought up sexual abuse, it was probably being done by another person, and he named a

suspect. Eventually, C.H.'s niece, then five (5) years old, disclosed to her father that the defendant had offered to buy her a dress in exchange for an opportunity to rub her buttocks. This statement eventually resulted in an investigation that revealed the significant and ongoing sexual abuse.

*Id.*

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Plaintiff's Motion for Summary Judgment**

The Policies establish that Plaintiff has both a duty to defend and a duty to indemnify claims that are "caused by an occurrence to which . . . coverage applies." *See supra*. Plaintiff, however, requests "a finding of no coverage and no duty to defend or indemnify for the claims set forth in the underlying [state court complaint]." Dkt. 11 at 24. In Washington, the duty to defend "is broader than the duty to indemnify." *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64 (2000)).

> The duty to defend arises based on the insured's *potential* for liability and whether allegations in the complaint *could conceivably* impose liability on the insured. An insurer is relieved of its duty to defend only if the claim alleged in the complaint is "clearly not covered by the policy." Moreover, an ambiguous complaint must be construed liberally in favor of triggering the duty to defend.

*Woo*, 161 Wn.2d at 60 (emphasis in original; internal citations omitted). Therefore, Plaintiff's duty to defend is based on Mr. Shaffer's and/or Ms. Waters' potential for liability in the state court action and the Court must determine whether the claims alleged in the Underlying Complaint could conceivably impose liability under the Policies on either Mr. Shaffer or Ms. Waters.

In Washington, evaluating coverage is a two-step process: "The insured must first establish that the loss falls within the 'scope of the policy's insured losses.' Then, to avoid responsibility for the loss, the insurer must show that the loss is excluded by specific language in the policy." *Diamaco, Inc. v. Aetna Cas. & Sur.*, 97 Wn. App. 335, 337 (1999).

### 1. The Scope of the Policies

Plaintiff first argues that Defendants have failed to establish liability because the claims in the Underlying Complaint do not fall within the granting clauses of the Policies. Each policy's granting clause limits liability to "an occurrence to which this coverage applies." *See supra*. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to similar conditions, which results during the policy period in bodily injury, personal injury or property damage." *Id*. The Washington Supreme Court has held "that 'an accident' is an unusual, unexpected, and unforeseen happening." *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 95 (1989).

#### a. The Intentional Torts and Fraudulent Transfer

In the Underlying Complaint, the plaintiffs allege three causes of action based on intentional torts by Mr. Shaffer: (1) battery and assault, (2) intentional infliction of emotional distress and outrage; and (3) childhood sexual abuse. *See supra*. The parties are essentially in agreement that these causes of action do not trigger coverage under the Policies. For example, Defendant Haynes concedes that "[a]s regards [C.H.'s and D.H.'s] claims for intentional sexual abuse, [Plaintiff] seems to be correct in claiming that there is no coverage . . . ." Dkt. 16 at 3. Similarly, Defendants Shaffer and Waters concede that "[i]t is conceivable that at trial, C.H. and D.H. could prove conduct that creates liability on Shaffer's part but that is neither an intentional act nor sexual abuse." Dkt. 17 at 4. Therefore, the Court grants Plaintiff's motion for summary judgment on the claims in the Underlying Complaint of battery and assault, intentional infliction of emotional distress and outrage, and childhood sexual abuse against Mr. Shaffer because these claims could not conceivably impose liability on the insured under the Policies.

The Underlying Complaint also asserts a cause of action against Mr. Shaffer and Ms. Waters for fraudulent transfer of real property. Defendant Hayes failed to address this cause of action in her response. Defendants Shaffer and Waters claim that they "know of no policy provision that covers the fraudulent transfer claim against them."

Dkt. 17 at 15. Therefore, the Court grants Plaintiff's motion for summary judgment on this issue because the claim of fraudulent transfer of real property could not conceivably impose liability on the insured under the Policies.

### b. Negligence

In the Underlying Complaint, the plaintiffs assert a cause of action against Ms. Waters and Mr. Shaffer for the "tort of negligence, including but not limited to common law negligence, negligent infliction of emotional distress, and negligent supervision and care." *See supra*.

Plaintiff contends that "[c]omplaints based on sexual intercourse, rape, abuse and molestation are routinely characterized as not constituting 'an accident.'" Dkt. 11 at 8. For example, the Washington Supreme Court stated that, under an "accidential occurrence" policy, coverage would not exist for an allegation of incest "because the act of committing incest could not be described as an accidental occurrence." *Rodriguez v. Williams*, 107 Wn.2d 381, 384 (1986). The court held that "the insured intends harm as a matter of law when he commits incest" even if the insured shows a subjective intent not to harm the victim. *Id*. at 387-88.

Similarly, in *Grange Ins. Assn. v. Authier*, 45 Wn. App. 383 (1986), the plaintiff sought a declaratory judgment of no coverage under an "accidental insurance" policy. In *Authier*, the insured "pleaded guilty to a charge of taking indecent liberties with a minor . . . ." *Id*. at 384. The minor sued the insured, who tendered his defense to his homeowner's insurer. *Id*. The court held that "[b]ecause of the nature of indecent liberties, we infer, as a matter of law, Mr. Authier intended to inflict injury on the Kinney children, regardless of his expert's affidavit to the contrary." *Id*. at 386.

In this case, the Underlying Complaint alleges that Mr. Shaffer committed sexual acts against C.H. and D.H. that resulted in injury. Initially, Mr. Shaffer allegedly "groom[ed] the [minors] for his sexual abuse." *See supra*. Mr. Shaffer's "grooming" allegedly led to "various acts of molestation and indecent liberties." *Id*. Moreover, Mr.

ORDER - 8

Shaffer pled guilty to four counts of communication with a minor for immoral purposes. *Id*. While the Court is unaware of a factually identical Washington case, the Court can infer from the holdings in *Rodriguez* and *Authier* that Mr. Shaffer intended, as a matter of law, to inflict injury on C.H. and D.H.

Defendants Shaffer and Waters, however, argue that Mr. Shaffer's "negligent conduct would be an 'occurrence' covered by the policy." Dkt. 17 at 4. They claim that "its conceivable that the [minors] saw Shaffer naked – e.g., after getting out of the shower – but that Shaffer did not do this intentionally and he did not abuse the girls." Dkt. 17 at 4. Defendants' argument is unpersuasive in light of the holdings in *Rodriguez* and *Authier*. Moreover, even the most neutral facts alleged in the complaint convey Mr. Shaffer's intent to injure the minors: "Defendant Shaffer began his extensive sexual abuse by grooming the [minors] for his sexual abuse."

Therefore, the Court grants Plaintiff's motion for summary judgment on the claim for negligence against Mr. Shaffer because this claim in the Underlying Complaint could not conceivably impose liability on the insured under the Policies.

As for Ms. Waters, her alleged negligent actions could conceivably impose liability on her under the Policies. The Court is unaware of any binding authority for the proposition that it may infer that Ms. Waters intended to harm the minors by her alleged negligent conduct. In other words, it is conceivable that her alleged negligent conduct could be considered to be an "accidental occurrence." Therefore, the claim for negligence against Ms. Waters in the Underlying Complaint could conceivably fall within the scope of the granting clauses in the Policies.

        **c.**    **Invasion of Privacy**

The Policies provide coverage for personal injury, which includes an "injury arising out of . . . invasion of privacy . . . ." *See supra*. In the Underlying Complaint, the plaintiffs allege a claim for invasion of privacy and this claim explicitly falls within the granting clauses of the Policies.

1 | Therefore, the Policies could be triggered by either the claim of negligence against Ms. Waters or the claim of invasion of privacy against both Mr. Shaffer and Ms. Waters.

**2. Exclusions**

Plaintiff argues that three exclusions apply to bar coverage in this case: (1) the personal injury to an "insured" exclusion, (2) the "intentional act" exclusion, and (3) the "sexual abuse/molestation" exclusion. Because the Court concludes that these exclusions do not bar coverage for the invasion of privacy claim, the Court will not address whether either exclusion would bar coverage for the negligence claim against Ms. Waters.

**a. The "Insured"**

Under the Policies, insureds include "persons under the age of 21 in **your** care." *See supra*. The parties dispute whether this provision is ambiguous. A term in an insurance policy is ambiguous if it is fairly susceptible to two different but reasonable interpretations by an average insurance purchaser. *State Farm Fire & Cas. v. English Cove Ass'n*, 121 Wn. App. 358, 363 (2004). The court must construe ambiguous insurance contract language in favor of the insured. *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 424 (1997).

Plaintiff argues that C.H. and D.H. were "insureds" under the Policies. Dkt. 11 at 19. The Underlying Complaint describes Ms. Waters' relationship with C.H. and D.H. as "grandmother/babysitter." Underlying Complaint, ¶ 2.2. Because Ms. Waters was either the minors' grandmother or babysitter at all material times, Plaintiff concludes that the minors were in the care of Ms. Waters and should be considered insureds under the contract. Dkt. 11 at 21-23. The Court does not agree with Plaintiff's broad interpretation of this provision.

Even if the Court did agree with Plaintiff's proposed interpretation, it would create an ambiguity in the insurance contract. An average insurance purchaser could reasonably interpret the "in your care" provision to include situations where the insured claims the child as a dependent, exercises a general supervisory or custodial role over the child, or

having a legal responsibility for the child as a noncustodial parent or foster parent. *See* Dkt. 16 at 10-11 (Defendants' collection of persuasive authorities). Expanding the spectrum of "in your care" to informal "babysitting," even by a relative, would at least create a different but reasonable interpretation of this specific provision. Therefore, the Court denies Plaintiff's motion for summary judgment on this issue because C.H. and D.H. are not "insureds" under the Policies.

### b. "Intentional Act" Exclusion

Assuming that Mr. Shaffer's acts did fall within the scope of the granting clauses of the Policies, the "intentional act" exclusion would bar coverage for the claims based on his intentional torts of battery and assault, intentional infliction of emotional distress, and childhood sexual abuse. However, whether this exclusion applies to the invasion of privacy claim seems to be a question of first impression in Washington.

In Washington, invasion of privacy is recognized as an intentional tort. *See Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 466 (1986); Restatement (Second) of Torts § 652. Its is important to point out that the Policies explicitly provide coverage for personal injury resulting from an invasion of privacy yet they "do not apply to liability which results directly or indirectly from . . . an intentional act by or at the direction of any person." *See supra*. Defendant Haynes argues that this creates an ambiguity that must be resolved in favor of the duty to defend. Dkt. 16 at 18-19. The Court agrees, as the coverage provided and actions excluded by these clauses are ambiguous and most likely inconsistent. Plaintiff has not only failed to provide a reasonable interpretation of these provisions but also failed to meet its burden that the personal injury claimed is excluded by specific language in the policy.

Plaintiff, however, urges the Court to apply the inference of an intent to injure rule pursuant to *Rodriguez, supra*, and its progeny. Dkt. 21 at 7-11. But those cases hold that certain acts which are subjectively unintentional may be inferred to be intentional and therefore fall within the intentional acts exclusion. Plaintiff's argument is misplaced in

that, even if all of Mr. Shaffer's acts were intentional, it would not resolve the ambiguity that exists between coverage for the intentional tort of invasion of privacy and the exclusion for intentional acts. While this rationale seems to mandate a duty to defend whenever a claim for invasion of privacy appears in a complaint against the insured, the drafter of the insurance contract bears the burden of his own language. *National Union Fire Ins. Co. v. Zuver*, 110 Wash.2d 207, 210 (1988).

Therefore, the intentional acts exclusion does not bar coverage for the claim of invasion of privacy in the Underlying Complaint.

### c. "Sexual Abuse/Exploitation" Exclusion

The Policies exclude liability which results directly or indirectly from . . . sexual or physical abuse, sexual exploitation or molestation, or any similar act, harm, injury or damage . . . ." *See supra* ("sexual abuse exclusion"). Plaintiff argues that the broad language of this exclusion covers pre-sexual assault conduct as well as the allegations of sexual assault or molestation. Dkt. 21 at 6-10. Defendant Haynes counters that the "pre-assault behavior alleged as invasion of privacy may stand alone." Dkt. 16 at 14-17. The issue, however, is not whether the claim may stand alone but whether the Underlying Complaint could conceivably impose liability under the Policies. As mentioned above, a claim for invasion of privacy is explicitly covered by the Policies. It then becomes Plaintiff's burden to show that this exclusion applies to bar coverage, which would require a showing that every conceivable fact that would give rise to an invasion of privacy involved sexual abuse/exploitation or any similar act. Plaintiff has failed to meet this burden because there at least exists a question of fact whether every act by Mr. Shaffer which supports the invasion of privacy claim was similar to sexual abuse/exploitation.

Plaintiff requests that the Court adopt the reasoning of a recent New Hampshire Supreme Court case, *State Farm Ins. Co. v. Burns*, 942 A.2d 1275 (N.H. 2008). Dkt. 11 at 9-10; Dkt. 21 at 5-11. In *Burns*, plaintiff insurer sought a declaratory judgment that it

did not have a duty to defend an insured. *Burns*, 942 A.2d at 1277. The insured was the defendant in a separate lawsuit that included a cause of action for "invasion of privacy" based on the insured's sexual assault of minors. *Id*. The court found that "the claims of invasion of privacy and false imprisonment are merely *rebranding* of the claims for sexual assault." *Id*. at 1280 (emphasis added). The court "was not persuaded that the renaming of a claim entitles it to coverage where coverage would not otherwise exist." *Id*. The court "concluded that the claims of invasion of privacy and false imprisonment are inextricably linked with the claims of sexual abuse such that they are not entitled to coverage." *Id*. at 1283.

In this case, Plaintiff claims that the invasion of privacy claim is merely a rebranding of the sexual abuse claims. Dkt. 11 at 10. Plaintiff argues that "there are no . . . facts alleged to accompany or inform the [invasion of privacy claim]; merely the bare assertion of the legal theory . . . ." *Id*. This argument is essentially the rebranding of a motion to dismiss; Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For this declaratory judgment action, the Court must decide whether "the claim alleged in the complaint is 'clearly not covered by the policy.'" *Woo*, 161 Wn.2d at 60. Plaintiff has failed to show that it is clear that every act by Mr. Shaffer involved sexual abuse, sexual exploitation, or something similar.

In addition, the *Burns* court explicitly stated that its decision was narrow and fact dependant. The Court explained its holding as follows:

> We find it important to state what we do not hold in this case. We do not hold that the policy at issue could never cover claims for invasion of privacy or false imprisonment; nor do we hold that there is no set of facts upon which State Farm would become liable to defend and/or indemnify [the alleged sexual abuser]. Instead, we hold only that on the facts *as they are alleged*, the claims for false imprisonment and invasion of privacy are inextricably intertwined with and dependent upon the uncovered sexual assault claims and are, therefore, outside the policy's coverage.

ORDER - 13

*Burns*, 942 A.2d at 1283-84 (emphasis in original).  Although the *Burns* decision is thoroughly analyzed and well reasoned, the Court is hesitant to adopt reasoning that is so explicitly limited to "facts as they are alleged."

Therefore, the Court denies Plaintiff's motion for summary judgment on whether the sexual abuse exclusion bars coverage for the invasion of privacy claim in the Underlying Complaint.

**C.     Conclusion**

Defendants have shown that the Policies cover the invasion of privacy claim against both Mr. Shaffer and Ms. Waters in the state court action.  Plaintiff has failed to show that this claim is excluded by any specific language in the Policies.  Therefore, Plaintiff has a duty to defend both Mr. Shaffer and Ms. Waters.  The Court may subsequently address whether exclusions apply to bar coverage for the negligence claim against Ms. Waters if circumstances are such that Plaintiff's duty to defend rests solely on that claim.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 11) is **GRANTED in part** and **DENIED in part without prejudice**.

DATED this 9th day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge