UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN PROTECTORS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LAVERNNE SHAFFER, IRENE WATERS, and DEBORAH HAYNES, as Guardian ad Litem to C.H. and D.H.,<br><br>Defendants. | CASE NO. C08-5316BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 28). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On May 19, 2008, Plaintiff Western Protectors Insurance Company filed a complaint against Defendants Ronald Lavernne Shaffer, Irene Waters, and Deborah Haynes, as Guardian ad Litem to C.H. and D.H. Dkt. 4. Plaintiff requests a declaratory judgment that it has neither a duty to indemnify nor a duty to defend Defendants Mr. Shaffer and Ms. Waters in an underlying state action. *Id*., ¶¶ 1.3 and 6.2.

On October 3, 2008, Plaintiff filed a Motion for Summary Judgment. Dkt. 11. On October 27, 2008, Defendants responded. Dkts. 16 (Ms. Haynes) and 17 (Mr. Shaffer and

ORDER - 1

Ms. Waters). On October 31, 2008, Plaintiff replied. Dkt. 21. On January 9, 2009, the Court issued an order granting in part and denying in part, without prejudice, Plaintiff's motion. Dkt. 26 ("Order"). On January 20, 2008, Plaintiff filed a Motion for Reconsideration of the Order. Dkt. 28.

## II. FACTUAL BACKGROUND

The facts are thoroughly explained in the Order. *See* Dkt. 26.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Plaintiff does not state whether the Court committed manifest error or whether it has new facts or legal authority that was not provided to the Court. *See* Dkt. 28. Plaintiff seems to have filed its motion for reconsideration simply because it disagrees with the Court's opinion. Therefore, the Court will assume that Plaintiff contends that the Court committed manifest error in the Order.

As in its motion for summary judgment, Plaintiff cites numerous out-of-state cases for the proposition that its insurance policy does not provide coverage for injuries arising from its insured's sexual acts. *See* Dkt. 28 at 4-12. Those authorities are no more persuasive on reconsideration than they were for purposes of summary judgment. The Court applied current Washington law and appropriately denied coverage for some claims against the insured under the insurance contract. Plaintiff, however, specifically included coverage for claims of "invasion of privacy" against its insured. *See id* at 2. While Washington courts have created an "intent to injure" rule for negligent sexual acts, *Rodriguez v. Williams*, 107 Wn.2d 381, 384 (1986), they have not extended this rule to preclude coverage under policies that specifically provide coverage for claims of

"invasion of privacy" against its insured. The Court addressed this issue in the Order as follows:

> Plaintiff, however, urges the Court to apply the inference of an intent to injure rule pursuant to *Rodriguez*, *supra*, and its progeny. Dkt. 21 at 7-11. But those cases hold that certain acts which are subjectively unintentional may be inferred to be intentional and therefore fall within the intentional acts exclusion. Plaintiff's argument is misplaced in that, even if all of Mr. Shaffer's acts were intentional, it would not resolve the ambiguity that exists between coverage for the intentional tort of invasion of privacy and the exclusion for intentional acts. While this rationale seems to mandate a duty to defend whenever a claim for invasion of privacy appears in a complaint against the insured, the drafter of the insurance contract bears the burden of his own language. *National Union Fire Ins. Co. v. Zuver*, 110 Wn.2d 207, 210 (1988).

Order at 11-12.

Plaintiff has failed to show that the Court's reasoning constitutes manifest error. Moreover, the Court will neither extend Washington law to preclude coverage based on the facts of this case nor rewrite the insurance contract to explicitly preclude coverage for claims of invasion of privacy that are either intentional or based on sexual acts of the insured.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 28) is **DENIED**.

DATED this 23rd day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge