UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTERN PROTECTORS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LAVERNNE SHAFFER, IRENE WATERS, and DEBORAH HAYNES, as Guardian ad Litem to CH and DH,<br><br>Defendants. | CASE NO. C08-5316BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION |

This matter comes before the Court on Plaintiff's Motion for Certification of Order on Summary Judgment (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On May 19, 2008, Plaintiff Western Protectors Insurance Company filed a complaint against Defendants Ronald Lavernne Shaffer, Irene Waters, and Deborah Haynes, as Guardian ad Litem to C.H. and D.H. Dkt. 4. Plaintiff requests a declaratory judgment that it has neither a duty to indemnify nor a duty to defend Defendants Mr. Shaffer and Ms. Waters in an underlying state action. *Id.*, ¶¶ 1.3 and 6.2.

ORDER – 1

1 On October 3, 2008, Plaintiff filed a Motion for Summary Judgment. Dkt. 11. On October 27, 2008, Defendants responded. Dkts. 16 (Ms. Haynes) and 17 (Mr. Shaffer and Ms. Waters). On October 31, 2008, Plaintiff replied. Dkt. 21.

On November 14, 2008, this action was transferred to the undersigned.

On January 9, 2009, the Court issued an order granting in part and denying in part Plaintiff's Motion for Summary Judgment. Dkt. 26.

On January 16, 2009, Plaintiff filed a Motion for Certification of Order on Summary Judgment. Dkt. 27. On February 2, 2009, Defendants responded. Dkts. 30 (Ms. Haynes) and 31 (Mr. Shaffer and Ms. Waters). On February 6, 2009, Plaintiff replied. Dkt. 33.

## II. FACTUAL BACKGROUND

**A. The Insurance Policies**

For the period of May 19, 2000, to May 19, 2004, Defendants Mr. Shaffer and Ms. Waters were covered by homeowner's insurance policies that were issued by Plaintiff. Dkt. 13, Declaration of Nancy Harvey ("Harvey Decl."), Exhs. 1-4 ("Policies"). The Policies provided coverage as follows:

SECTION II – LIABILITY COVERAGE

COVERAGE L - PERSONAL LIABILITY

> **We** pay, up to **our limit**, for this coverage stated in the declarations, all sums, including pre-judgement interest and costs taxed against an **insured**, for which an **insured** is legally liable because of **bodily injury, personal injury** or **property damage** caused by an **occurrence** to which this coverage applies.
> If a suit is brought against the **insured**, **we** will defend the **insured** at **our** expense, using lawyers of **our** choice, provided the suit results from **bodily injury, personal injury**, or **property damage** caused by an **occurrence** to which this coverage applies.

*See, e.g., id.*, Exh. 1 at 15.

The Policies define pertinent terms as follows:

> 7. **Insured** means:
>    a. **you**;
>    b. **your** relatives if residents of **your** household;

ORDER – 2

| | | |
|---|---|---|
|1| c. | persons under the age of 21 in **your** care or in the care of **your** resident relatives; |

                              \*\*\*

11.    **Occurrence** means an accident, including continuous or repeated exposure to similar conditions, which results during the policy period in **bodily injury, personal injury or property damage**.

                              \*\*\*

13.    **Personal Injury** means injury arising out of one or more of the following offenses: false arrest, false imprisonment, wrongful detention, libel, slander, defamation of character, invasion of privacy, wrongful eviction or wrongful entry.

*See, e.g., id.*, Exh. 1 at 5-6 (emphasis in original).

The policies that covered the period from May 2000 to May 2003 included exclusions to coverage that, in pertinent part, read as follows:

> This policy does not apply to liability which results directly or indirectly from:
>
>                          \*\*\*
>
> 9.    an intentional act by or at the direction of any person. This exclusion applies regardless of the person or persons by or at whom the intentional act was directed;
>
>                          \*\*\*
>
> 11.   corporal punishment, sexual or physical abuse, sexual exploitation or molestation, or any similar act, harm, injury or damage to any person whether or not committed by or with the knowledge or consent of an **insured**.

*See, e.g., id.*, Exh. 1 at 16 (emphasis in original).

The policy that covered the period from May 2003 to May 2004 included exclusions to coverage that, in pertinent part, read as follows

> This policy does not apply to liability which results directly or indirectly from:
>
>                          \*\*\*
>
> 9.    an intentional act which is:
>       a.    expected by, directed by, or intended by an **insured**;
>       b.    that is the result of a criminal act of an **insured**; or
>       c.    that is the result of intentional and malicious acts by or at the direction of an **insured**.
>
> This exclusion applies regardless of the person or persons by or at whom the intentional act was directed.
>
>                          \*\*\*
>
> 12.   corporal punishment, sexual or physical abuse, sexual exploitation or molestation, or any similar act, harm, injury or damage to any person whether or not committed by or with the knowledge or consent of an **insured**; . . . .

*Id.*, Exh. 4 at 19.

The Policies also included a personal liability exclusion that reads as follows:

> Personal Liability does not apply to liability:
> 1.      for **bodily injury** or **personal injury** to any **insured**.

*See, e.g., id.*, Exh. 1 at 16 (emphasis in original).

## B.     The State Court Actions

On December 5, 2006, Pierce County Deputy Prosecuting Attorney Sunni Y. Ko filed a Declaration for Determination of Probable Cause and an Information on behalf of the State of Washington against Defendant Mr. Shaffer. Dkt. 12, Declaration of Joseph P. Lawrence, Jr. ("Lawrence Decl."), Exh. 1. The Information accused Mr. Shaffer of one count of Rape of a Child in the First Degree, two counts of Child Molestation in the First Degree, and one count of Sexual Exploitation of a Minor. *Id.* On November 1, 2007, Mr. Shaffer entered a guilty plea to four counts of Communication with a Minor for Immoral Purposes. *Id.* On February 22, 2006, Pierce County Superior Court Judge Beverly G. Grant entered judgment and sentence against Mr. Shaffer. *Id.*

On March 27, 2008, Ms. Haynes, as Guardian ad-Litem for C.H. and D.H., filed a complaint for personal injuries against Mr. Shaffer and Ms. Waters in the Pierce County Superior Court for the State of Washington. *Id.*, Exh. 2 at 1-5 (Pierce County Superior Court Cause No: 08-2-06632-6). On April 11, 2008, Mr. Shaffer and Ms. Waters tendered defense of the claims to Plaintiff.

On September 5, 2008, Ms. Haynes filed an amended complaint alleging six causes of actions: (1) battery and assault, (2) intentional infliction of emotional distress, (3) childhood sexual abuse, (4) negligence, (5) fraudulent transfer of real property, and (6) invasion of privacy. *Id.* at 7-12 ("Underlying Complaint"). Ms. Haynes alleged facts in support of her claims as follows:

> 2.1     Defendant Ronald Lavernne Shaffer sexually abused C.H. and D.H. on multiple occasions between June, 2000 and June, 2003. Defendant Shaffer began his extensive sexual abuse by grooming the plaintiffs for his sexual abuse, including numerous incidents of invading their privacy and speaking to the children about his body parts and showing the children his body parts. The defendant further would offer to purchase the children gifts in exchange for talking about sexual matters. This behavior escalated into

> 1    the defendant committing various acts of molestation and indecent liberties,
>      including masturbating in the presence of the children. Most of these acts
>      took place in the defendants' home, and while Irene Waters was present.
>      2.2    Defendant Irene Waters was Plaintiffs' grandmother/
>      babysitter at the time of these occurrences and knew or should have known
>      of the behavior of Defendant since they were taking place regularly within
>      several feet of her presence. In fact, at various times when confronted with
>      inappropriate behavior, Defendant Waters would simply explain that
>      Defendant Shaffer was just a "dirty old man." Irene Waters had a duty to
>      protect the minor Plaintiffs from harm, which she failed to do. Defendant
>      Irene Waters, by her actions and inactions, made it more difficult for
>      Plaintiffs to make any complaints about the sexual abuse or to protect
>      themselves from said abuse, and further, by her actions and inactions,
>      contributed to the occurrence of the sexual abuse. Plaintiff C.H. began to
>      act out as a result of the sexual abuse. When she started counseling, the
>      defendants insisted that they take her to the counselor and in fact did so for
>      a period of time. The obvious purpose was to prevent disclosure by Plaintiff
>      C.H. At one point, defendant Shaffer stated that if C.H. brought up sexual
>      abuse, it was probably being done by another person, and he named a
>      suspect. Eventually, C.H.'s niece, then five (5) years old, disclosed to her
>      father that the defendant had offered to buy her a dress in exchange for an
>      opportunity to rub her buttocks. This statement eventually resulted in an
>      investigation that revealed the significant and ongoing sexual abuse.

*Id.*

**C.    The Court's Order on Summary Judgment**

The insured bears the initial burden to show that the claimed losses fall within the scope of the insurance policies. *Diamaco, Inc. v. Aetna Cas. & Sur.*, 97 Wn. App. 335, 337 (1999). The Court found that some of the underlying claims did not trigger the granting clause of the Policies. Specifically, the Court found that Plaintiff did not have a duty to defend Mr. Shaffer against the claims of fraudulent transfer of real property; the claim based on the intentional torts of battery and assault, intentional infliction of emotional distress and outrage, and childhood sexual abuse; and the claims of negligence. Dkt. 26 at 7-9. On the other hand, the Court found that the negligence claim against Ms. Waters and the invasion of privacy claim against both Mr. Shaffer and Ms. Waters fell within the granting clause of the Policies. Dkt. 26 at 9-10.

Once the insured shows that the insurance policy is triggered, the insurer bears the burden of showing that specific exclusions bar coverage for the claimed losses. *Diamaco, supra*. The Court found that the intentional act exclusion created an ambiguity with the

provision that provides coverage for the intentional tort of invasion of privacy. Dkt. 26 at 11-12. Therefore, the Court held that Plaintiff, as insured, had failed to meet its burden by showing that this exclusion applies to bar coverage for the underlying claim of invasion of privacy against both Mr. Shaffer and Ms. Waters. *Id*. at 12. The Court did not address whether any exclusion would bar coverage for the claim of negligence against Ms. Waters. *Id*. at 11

### III. DISCUSSION

Plaintiff requests that the Court certify its order on summary judgment so that the Ninth Circuit may review the order on an interlocutory basis. Dkt. 27.

**A.  Standard**

The Ninth Circuit has jurisdiction over the appeal of any final decision of this Court. 28 U.S.C. § 1291. The "final judgment" rule avoids piecemeal adjudication of claims. *Curlott v. Campbell*, 598 F.2d 1175, 1179 (9th Cir. 1979). There is, however, an exception to this rule that allows for an interlocutory appeal of an order that meets certain criteria. 28 U.S.C. § 1292. Section 1292(b) reads, in part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . .

Thus, Section 1292 identifies three factors that must be present for the district court to certify an order for appeal: (1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Interlocutory appeal under Section 1292(b) is for "rare circumstances." *James v. Price Stern Sloan, Inc*., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *see also* Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, 16 *Federal Practice and Procedure*, § 3929 at 134 (1977) (Section 1292(b) is "used sparingly"). The party

seeking certification of an interlocutory appeal has the burden to show the presence of exceptional circumstances. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978).

In this case, Plaintiff has most likely shown that the ambiguity issue is a controlling issue of law that, immediate resolution of which by the appeals court, would materially advance the ultimate termination of the litigation. Plaintiff, however, has failed to show that there is substantial ground for difference of opinion on this issue. Therefore, the Court will only address this element of the test for certification under Section 1292(b).

**B.     Difference of Opinion**

A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference;" the proponent of an appeal must make some greater showing. *See Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal.), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In this case, Plaintiff argues that there is a substantial ground for disagreement on the issue of an ambiguity between the invasion of privacy provision and the intentional acts exclusion because (1) it is a question of first impression under Washington law and (2) there is disagreement among the courts on this issue. Dkt. 27 at 6. The Court is not persuaded that there is substantial ground for disagreement because the question is one of first impression.

As for Plaintiff's claim that there is a disagreement among the courts, Plaintiff cites two cases in support of this argument: *American National General Insurance Company v. L.T. Jackson*, 203 F. Supp. 2d 674 (S.D. Miss. 2001) and *Fire Insurance Exchange v. Bentley*, 953 P.2d 1297 (Colo. 1998). Dkt. 27 at 6. In *Jackson*, the plaintiff insurer sought a declaratory judgment that it had no duty to defend the insured "in a lawsuit brought against him by the United States for alleged sexual discrimination in violation of the Fair Housing Act." *Jackson*, 203 F. Supp. 2d at 674. The *Jackson* case is

ORDER – 7

1 legally and factually distinguishable and does not show that there is a substantial ground
2 for disagreement as to the present issue before the Court.

3 In *Bentley*, plaintiff insurer sought a declaratory judgment that it had no duty to defend a claim for invasion of privacy under a homeowner's insurance policy. *Bentley*, 953 P.2d at 1299. The insurance policy contained an exclusion for injury which resulted from intentional acts "where the results are reasonably foreseeable." *Id*. at 1300. The court held that the exclusion applied because the claimed injury was reasonably foreseeable. *Id*. at 1301. Defendant insureds contended that coverage under the invasion of privacy provision would be illusory if liability was barred for all intentional acts that gave rise to an invasion of privacy. *Id*. The court, however, found that the Colorado Supreme Court had recognized a cause of action for invasion of privacy based on actions of "reckless disregard." *Id*. at 1302 (citing *Ozer v. Borquez*, 940 P.2d 371 (Colo. 1997)). The court concluded that the insurance policy "provided coverage for some claims of invasion of privacy, but specifically excludes those based on intentional conduct." *Bentley*, 953 P.2d at 1302.

The *Bentley* case is factually distinguishable based on the language of the insurance contract. Plaintiff's insurance contract does not require that the intentional act result in injury that was reasonably foreseeable. *See supra*. Morever, the *Bentley* case is legally distinguishable because Plaintiff has failed to cite a Washington case that recognizes the tort of negligent invasion of privacy.

Therefore, Plaintiff has failed to meet its burden in showing that there is a substantial ground for difference of opinion on the issue of an ambiguity between an invasion of privacy provision and an intentional tort exclusion. The Court denies Plaintiff's motion to certify the Court's summary judgment order.

Finally, resolution of this matter by certification avoids the most appropriate means of solving Plaintiff's issue regarding its duty to defend Mr. Shaffer. If the state court dismisses the claim of negligent invasion of privacy against Mr. Shaffer for failure

to state a claim upon which relief may be granted, then Plaintiff's insurance contract is ambiguous as to the provisions in question. Moreover, if there are insufficient facts to support the invasion of privacy claim, then coverage would turn on the claim of negligence against Ms. Waters, an issue which this Court denied without prejudice. On the other hand, if the invasion of privacy claim survives a motion to dismiss, then there must be facts in the complaint that could conceivably impose liability upon Mr. Shaffer. In other words, Plaintiff has failed to show that, at this point, this is such a rare or exceptional circumstance that requires another court's time and consideration of the issues presented.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Certification of Order on Summary Judgment (Dkt. 27) is **DENIED**.

DATED this 23rd day of February, 2009.

BENJAMIN H. SETTLE
United States District Judge